

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2007

# Papaiya v. City of Union City

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3674

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Papaiya v. City of Union City" (2007). *2007 Decisions.* Paper 591.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/591

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3674

NARENDRA PAPAIYA;
KAILAS PAPAIYA,

Appellants

v.

CITY OF UNION CITY; MAYOR BRIAN P. STACK, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY; LUIS MIRANDA, UNION FIRE OFFICIAL INDIVIDUALLY
AND HIS OFFICIAL CAPACITY; ALEX VELASQUEZ, BUILDING DEPARTMENT
INSPECTOR; MARTIN MARTINOTTI, UNION CITY BUILDING OFFICIAL,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; POLICE OFFICER BADGE
NO. 93 OF THE UNION CITY POLICE DEPARTMENT, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY; JOHN DOE (1 THRU 10), BEING A FICTITIOUS
DESIGNATION OF ONE OR MORE OFFICIALS OF THE CITY OF UNION CITY,
ACTING INDIVIDUALLY OR IN THEIR OFFICIAL CAPACITY

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 05-cv-02722)
District Judge: Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2007

Before: RENDELL, AMBRO and NYGAARD, Circuit Judges

(Filed: August 14, 2007)

AMBRO, Circuit Judge

Narendra and Kailas Papaiya appeal the grant of summary judgment in favor of the City of Union, New Jersey, Brian Stack, Martin Martinetti, Alejandro Velasquez, and Luis Miranda (collectively "defendants"). The Papaiyas contend that a genuine issue of material fact exists as to whether defendants violated their constitutional rights by depriving them of their property after City officials closed the Papaiyas' residential apartment buildings for public health violations. Given the undisputed facts in the record that unsafe conditions on the Papaiyas' property warranted the action of the City officials, we affirm the order granting summary judgment for the defendants.

**Facts and Procedural History**

As we write for the parties, only a brief summary of the pertinent facts is necessary. The Papaiyas owned and operated residential apartment buildings located at 806-808 22nd Street in Union City. On March 4, 2005, police and fire officials arrived at the property after being alerted that eight tenants had complained of headaches and dizziness, possible symptoms of carbon monoxide poisoning. Public Service Electric and Gas tested the buildings and concluded that there was a high reading of carbon monoxide, warranting the shutting down of gas services.

The Union City Health Department, Fire Bureau, and Construction Department also conducted inspections of the property, finding numerous health and safety violations. Due to the high levels of carbon monoxide, cemented and plugged flu vents, electrical hazards, and sewage in the basement, the health, fire, and construction officials determined the buildings to be unsafe for human habitation. These violations warranted the issuance of two Notices of Imminent Hazard and Orders to take Corrective Action, a Punitive Closing Order, and a Notice of Unsafe Structure under the New Jersey Administrative Code §§ 5:70-2.16, 5:70-2.18 & 5:23-2.32. These orders stipulated that the property must be vacated and closed until the unsafe conditions were abated.[1]

The Papaiyas did not effectively apply for any building permits, did not submit any plans to correct the violations, and have not filed them. Instead, they filed an action in state court against the defendants, claiming violations of their civil rights under 42 U.S.C. § 1983. The defendants removed the suit to federal court. Both the defendants and the Papaiyas made motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The District Judge granted the defendants' motion and denied that of the Papaiyas. They appeal.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. Because this is an appeal from a final judgment of a district court, we have appellate jurisdiction under 28

---

[1]These notices also informed the Papaiyas of their right to an immediate administrative appeal of the orders to the Hudson County Construction Board. They did not exercise this right.

U.S.C. § 1291.[2]

## Discussion

A trial court grants summary judgment only if the record, viewed with all inferences in favor of the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Our review of grants of summary judgment is plenary. *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466 (3d Cir. 2005) (citing *Carrasca v. Pomeroy*, 313 F.3d 828, 832-833 (3d Cir. 2002)). Therefore, we apply the same approach, under Federal Rule of Civil Procedure 56(c), as the District Court.

The Papaiyas argue that the deprivation of their property by the city officials violated their substantive due process rights under the Fourteenth Amendment, allowing them to bring claims under § 1983.[3] To be successful on this challenge, the Papaiyas must show that the

---

[2]On appeal, the defendants contend that we lack subject matter jurisdiction because the Papaiyas' failure to exhaust New Jersey's administrative remedies caused their claim to lack ripeness. We disagree. An administrative action must be final before it is judicially reviewable. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192 (1985). In this case, the orders issued by the City officials were final administrative actions because the "initial decisionmaker[s]" came to a definitive decision regarding the property that "inflict[ed] an actual, concrete injury" on the Papaiyas. *Id.* at 193. Moreover, even though the Papaiyas did not exhaust these state remedies, their claim does not lack ripeness because the exhaustion of state remedies is not a prerequisite to bringing an action under § 1983. *Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 516 (1982).

[3]Section 1983 in relevant part provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage. . . subjects, or causes to be subjected, any citizen of the United States or

actions of the officials "shock[] the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (noting that only the most egregious government conduct is constitutionally arbitrary and violates due process). The Papaiyas additionally contend that they have presented a valid conspiracy claim under 42 U.S.C. § 1985(3). Because § 1985 does not itself create any substantive rights but acts as a "vehicle to vindicate [other] federal rights and privileges," the Papaiyas first must establish a violation of their constitutional rights in order to have a successful § 1985 claim. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).

The defendants respond by arguing that the unsafe and unhealthy conditions of the Papaiyas' property justified the actions taken by the government officials. As such, their behavior in no way "shocks the conscience." Furthermore, they contend that the City officials should have been shielded from this litigation by qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harrow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The District Court ably analyzed the relevant claims in reaching its conclusion that

---

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

5

defendants were entitled to summary judgment. The undisputed evidence demonstrates that the Papaiyas' property contained numerous health and safety violations. The actions taken by the City officials were no doubt warranted; thus, their behavior hardly "shocks the conscience" and did not result in a violation of the Papaiyas' substantive due process rights. In this context, we need not reach the other issues appealed, as they lack the critical underpinning of a constitutional violation. Accordingly, for the reasons stated in the District Court's opinion granting summary judgment, we affirm.[4]

---

[4]The Papaiyas also contend that the City engaged in a physical taking of their property without just compensation in violation of the Fifth Amendment. This claim underwhelms. The City did not physically take the Papaiyas' property or physically trespass on the property in a permanent way. It was merely regulating the use of the premises for the legitimate purpose of maintaining safe and healthy living conditions for its citizens. Moreover, if the Papaiyas had fixed the code violations, they could have rented the apartments or sold the buildings. The Supreme Court has held that "land-use regulation does not effect a taking if it 'substantially advance[s] legitimate state interests' and does 'not den[y] an owner economically viable use of his land.'" *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 834 (1987) (quoting *Agins v. City of Tiburon*, 447 U.S. 255, 260 (1980)).